[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16247
Non-Argument Calendar

_____

Agency No. A96-100-324

CARLOS ADAN FLOREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 2, 2006)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Carlos Adan Florez petitions for review of the Board of Immigration

Appeals' (BIA's) final order affirming the Immigration Judge's (IJ's) order

denying him asylum, withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16.[1]  We grant the petition.

Where, as here, the BIA does not render its own opinion but rather adopts the IJ's opinion, we review the IJ's decision. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004).  The IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotations and citations omitted).

An alien who arrives in, or is present in, the United States may apply for asylum. *See* 8 U.S.C. § 1158(a)(1).  The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." *See* 8 U.S.C. § 1158(b)(1)(A).  A "refugee" is:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of

---

[1] Florez does not challenge the denial of CAT relief, and, therefore, has abandoned this issue on appeal. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *See Al Najjar*, 257 F.3d at 1284.

To establish asylum eligibility, the petitioner must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, such as political opinion or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b). If the petitioner demonstrates past persecution, he is presumed to have a well-founded fear of future persecution unless the government can rebut this presumption by showing a fundamental change in circumstances in the country or the ability to avoid future persecution by relocating within the country. 8 C.F.R § 208.13(b)(1). The government then has the burden to demonstrate that relocation was both possible and reasonable. *See Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1264 (11th Cir. 2004); *see also* 8 C.F.R. § 208.13(b)(1).

When the IJ does not make express credibility findings, we may consider the petitioner's testimony and evidence as true. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). When the IJ fails to make findings regarding past persecution, "[t]he IJ's failure to make this determination precludes us from

3

undertaking meaningful judicial review of the merits of his order." *See Antipova*, 392 F.3d at 1265 (regarding withholding of removal claim). The Supreme Court has stated that "[a] court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *INS v. Ventura*, 123 S. Ct. 353, 355 (2002) (quotations and citation omitted). "Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* (quotations and citation omitted).

First, because the IJ did not expressly state whether he found Florez's testimony to be credible, we accept Florez's testimony and evidence as true. *See Yang*, 418 F.3d at 1201. Second, the record reveals the IJ failed to make a finding regarding whether Florez suffered past persecution. In these circumstances, the IJ's failure to make this determination precludes us from undertaking meaningful judicial review of the merits of his order. *See Antipova*, 392 F.3d at 1265. Third, the IJ concluded Florez did not establish a well-founded fear of future persecution because he did not attempt to relocate within Colombia and failed to explain his reluctance to relocate. However, if Florez proved past persecution, the burden was on the Government, not Florez, to demonstrate that relocation was both possible and reasonable. *See id.* at 1264. Thus, we vacate the BIA's and IJ's decisions and

4

remand for the BIA to make specific findings regarding past persecution and the possibility that the burden of proof shifted to the Government.[2]

PETITION GRANTED.

---

[2] The IJ's failure to make a finding as to past persecution on Florez's asylum claim makes review of his conclusions regarding withholding of removal impossible as well. *See Antipova*, 392 F.3d at 1265.